United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MOHAMMAD SARWAR,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No.: C 05-1768 PVT<br><br>**ORDER DISSOLVING ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED FOR REHEARING** |

　　　　On December 13, 2006, Plaintiff filed a motion for summary judgment.[1] After the briefing on that motion was complete, on January 31, 2006, this court issued an Order to Show Cause Why Case Should Not Be Remanded for Rehearing. Defendant responded to the OSC, and Plaintiff replied to Defendant's response. Based on the briefs and arguments presented and the file herein,

　　　　IT IS HEREBY ORDERED that the order to show cause is DISSOLVED. Although as discussed below the Administrative Law Judge ("ALJ") did err, Plaintiff has not shown that the error was prejudicial. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (A decision of the ALJ will not be reversed for errors that are harmless").

　　　　The ALJ failed to properly advise Plaintiff of his right to legal representation and provide him with sufficient information to enable him to intelligently decide whether to retain counsel or proceed *pro se*. *See, e.g., Thompson v. Sullivan*, 933 F.2d 581, 584-85 (7th Cir. 1991). The entire

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

discussion between the ALJ and Plaintiff on this issue was as follows:

> "ALJ: Great. This hearing is held on October 21, 2003, in San Jose, California. Let the record reflect that the Claimant is present without representation, doesn't have a lawyer.
> "INT: Okay.
> "ALJ: Have you had an opportunity to look for an attorney or other representative?
> "CLMT: I couldn't do that. It was difficult.
> "ALJ: Would you like more time to find an attorney?
> "CLMT: Not really. I have lots of difficulty in that regard.
> "ALJ: I think that was a knowing and intelligent waiver of your right to representation.
> "CLMT: No.
> "ALJ: We're here today because you requested a hearing after Social Security denied your application for SSI. * * * *."

The first and only mention of any *right* to representation was in the ALJ's statement that Plaintiff had made a knowing and intelligent waiver of that right. And to that Plaintiff responded "No." The ALJ failed to clarify that response, and on it's face it appears to be a statement by Plaintiff that he did *not* wish to waive his right to representation. Further, despite the fact the Plaintiff indicated he had difficulty finding an attorney, the ALJ did not inquire regarding the nature of the difficulties or offer Plaintiff any information that might assist him in locating an attorney. As in the *Thompson* case, Plaintiff's attempt to secure counsel strongly suggests that he desired representation. The ALJ's failure to adequately advise Plaintiff about the benefits of counsel, the availability of free or contingency counsel, and his statutory right to representation constituted legal error.

Notwithstanding the foregoing, as Defendant points out in its response to the order to show cause, Plaintiff has not shown he was prejudiced by this error. Despite being notified of this lack of showing, in his reply to the Defendant's response Plaintiff did not supplement his showing to establish that, had he had counsel, he would have presented evidence which could have resulted in a different outcome. While he claims he should have had the opportunity to have counsel, he has not shown what specific evidence counsel would have presented that could have made a difference.

Dated: *4/11/06*

PATRICIA V. TRUMBULL
United States Magistrate Judge

ORDER, *page 2*