United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT

9                          NORTHERN DISTRICT OF CALIFORNIA

10                               SAN JOSE DIVISION

11

12   MOHAMMAD SARWAR,                    )        Case No.: C 05-1768 PVT
                                         )
13                  Plaintiff,           )        **ORDER DENYING PLAINTIFF'S**
                                         )        **MOTION FOR SUMMARY**
14          v.                           )        **JUDGMENT; AND GRANTING**
                                         )        **DEFENDANT'S MOTION FOR**
15   JO ANNE B. BARNHART, Commissioner   )        **SUMMARY JUDGMENT**
     of Social Security,                 )
16                                       )
                    Defendant.           )
17   _____)

18

19          On December 13, 2006, Plaintiff filed a motion for summary judgment.[1]  Defendant opposed

20   the motion and filed a cross-motion for summary judgment.  After the briefing was complete, on

21   January 31, 2006, this court issued an Order to Show Cause Why Case Should Not Be Remanded for

22   Rehearing.  Defendant responded to the OSC, and Plaintiff replied to Defendant's response.

23   Concurrently herewith, the court is issuing an order dissolving the OSC.  Based on the briefs and

24   arguments presented on the motions for summary judgment and the file herein,

25          IT IS HEREBY ORDERED that Plaintiff's motion for summary judgment is DENIED and

26   Defendant's motion for summary judgment is GRANTED for the reasons set forth herein.

27

28          _____

             [1]       The holding of this court is limited to the facts and the particular circumstances
     underlying the present motion.

                                  ORDER, *page 1*

**United States District Court**

For the Northern District of California

I.   **FACTUAL BACKGROUND**

A.   **Procedural Background**

Plaintiff first applied for Social Security disability benefits on in September, 1995.[2]  The application was denied initially and appealed to an Administrative Law Judge ("ALJ").  The ALJ issued an unfavorable decision on July 21, 1997.  (Transcript, hereafter "TR," 14-23.)  The Appeals Council declined review and Plaintiff filed suit in this court.  That prior lawsuit resulted in summary judgment in favor of Defendant.

Plaintiff filed a second application in May, 2000.  This claim also proceeded to an ALJ hearing and Plaintiff received another unfavorable decision on April 24, 2002 (the "2002 Decision").  (TR 543-557.)  Plaintiff does not appear to have requested Appeals Council review of that decision.

Plaintiff filed a third application, which is at issue in this action, on Novmeber 18, 2002.  (TR 574.)  After denials initially and upon reconsideration, Plaintiff filed a timely request for an ALJ hearing.  On October 21, 2003, a hearing was held in San Jose, California.  Plaintiff was unrepresented and testified on his own behalf through an interpreter.  The ALJ denied Plaintiff's claim, finding that although he had a severe combination of impairments, he retained the capacity for work requiring medium exertion and could perform work existing in the national economy.  (TR 244.)  The ALJ also found that Plaintiff had failed to overcome the presumption of continuing non-disability which arose from the 2002 Decision.  (TR 245.)  Plaintiff requested Appeals Council review which was denied, and the ALJ decision became the final decision of the Commissioner for purposes of judicial review.  (TR 225.)   This action ensued.

II.   **LEGAL STANDARDS**

In reviewing a denial of Social Security disability benefits, courts will set aside an ALJ's decision only if that decision is based on legal error or the findings of fact are not supported by substantial evidence in the record taken as a whole.  *Tacket v. Apfel*, 180 F.3d 1094, 1097-98 (9th Cir. 1999).

---

[2]   This statement of the procedural background is based on Plaintiff's moving papers, the administrative record, and the docket in *Sarwar v. Apfel*, Case No. C 99-20043 JW, of which this court takes judicial notice of pursuant to Defendant's request.

**United States District Court**

For the Northern District of California

When a claimant re-applies for disability benefits after an earlier denial, the earlier denial creates a presumption that the claimant continued to be able to work beyond the date of the earlier decision. *Lyle v. Secretary of Health and Human Servs.*, 700 F.2d 566, 568-69 (9th Cir. 1983); *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir. 1985) (*"Taylor II"*). The claimant then carries the burden to show "changed circumstances" such that his impairments have become more severe since the date of the earlier decision.[3] *Taylor II*, 765 F.2d at 875. Moreover, it is insufficient for a claimant to show he experienced short periods of severe impairment to the point of disability. To be entitled to benefits, the claimant must establish that the disabling severity of the impairment lasted, or could be expected to last, for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A); *and see Taylor v. Heckler*, 576 F.Supp. 1172, 1177 (N.D. Cal. 1983) (*"Taylor I"*), *aff'd* 765 F.2d 872, 875 (9th Cir. 1985). If the claimant makes a sufficient showing of changed circumstances, the presumption does not apply.

The trier of fact, and not the reviewing court, must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the Commissioner. *See Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996); and *Allen v. Secretary of Health and Human Services*, 726 F.2d 1470, 1473 (9th Cir. 1984) ("If there is more than one rational interpretation of the evidence, the ALJ's conclusion must be upheld.").

Where the records show that the claimant continued to experience the same symptoms for the same reasons, the ALJ may "reasonably conclude that those records and observations do not reflect a change in the plaintiff's condition." *See, e.g., Taylor I*, 576 F.Supp at 1177.

Finally, "[a] decision of the ALJ will not be reversed for errors that are harmless." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

### III.    DISCUSSION

Plaintiff argues that the ALJ erred by: 1) failing to assess the impact of Plaintiff's depression

---

[3]    Other changes in circumstance, such as a change in the claimant's age category, can also constitute changed circumstances which render the presumption inapplicable. *See, e.g.,Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988) (change in claimant's age category rendered presumption inapplicable). In the present case, Plaintiff's age category remains the same. He was found to be 60 years old at the time of the 2002 Decision. While he contends that he is really ten years older, because that issue was addressed in the 2002 Decision, *res judicata* precludes him from relitigating it. *See, id.* at 694. At the time of the 2003 decision, he was just one year older, and thus in the same age category.

United States District Court

For the Northern District of California

1   on his ability to perform the basic requirements of work; 2) relying on the Medical-Vocational

2   Guidelines; 3) applying a presumption of continuing non-disability; 4) failing to fully develop the

3   record; and 5) erroneously assuming that Plaintiff's education in Afghanistan was equivalent to a

4   high school education in English.  Defendant argues that the ALJ substantively found no mental

5   limitations, the ALJ fully developed the record, and the Plaintiff failed to establish his condition had

6   worsened so as to overcome the presumption of continuing non-disability arising from the 2002

7   Decision.  The court finds that the ALJ properly determined that Plaintiff failed to rebut the

8   presumption of continuing non-disability.

9       Depression is the only diagnosis upon which Plaintiff bases his contention that his condition

10  has worsened since the 2002 Decision.  Plaintiff argues that depression was not recognized as an

11  impairment in the 2002 Decision, and thus the ALJ should have considered the impact of depression

12  on Plaintiff's ability to work rather than applying a presumption of continuing non-disability.  The

13  court disagrees.

14      The ALJ expressly considered depression in the 2002 Decision.  The ALJ in that decision

15  noted that Plaintiff had complained of depression (TR 549-50), and that Dr. Paul Levin had

16  diagnosed Plaintiff with "depression, inadequately treated" (TR 549).  That ALJ gave little weight to

17  Dr. Levin's diagnoses and opinions because they were based on Plaintiff's subjective reports rather

18  than objective findings.  (TR 551.)  She found that "the claimant's alleged mental impairments cause

19  minimal, if any, limitations" and that they were therefore "non-severe."  (TR 551).

20      Because depression was found to be an impairment in the 2002 Decision, it is included in the

21  presumption of continuing non-disability which Plaintiff had the burden to overcome.  Plaintiff

22  points to no evidence[4] in the record, either before the ALJ or this court, which establishes Plaintiff's

23  depression has worsened to the point of disability.  On the contrary, the more recent medical records

24  from late 2002 and early 2003 indicated that Plaintiff's depression was adequately controlled with

25

26      _____

        [4]      Plaintiff argues that the ALJ who ruled on his most recent application found his
27  depression to be "severe."  However, the wording of the ALJ's decision makes it clear that he found
    Plaintiff's *combination* of impairments to be "severe." (TR 241 & 244).  Nowhere does he state that the
28  depression considered alone amounted to a severe impairment.  On the contrary, he noted it was
    controlled with medication and pointed out that Plaintiff had reported to a mental health provider on
    March 17, 2003 "I'm okay."  (TR 241).

medication, in that Plaintiff reported he was "okay" and the medication was "working" and "helping" with no side effects.  (TR 852, 857 & 858.)  Nor has Plaintiff shown that the ALJ erred in finding that none of his other medical conditions worsened so as to overcome the presumption of continuing non-disability.

The court does agree with Plaintiff that the ALJ did not fulfil his obligation to fully develop the record in connection with Plaintiff's most recent application.  The ALJ had an affirmative duty to assist Plaintiff in developing the record.  *See Tackett v. Apfel*, 180 F.3d 1094, 1098 n. 3 (9th Cir. 1999); 20 C.F.R. § 404.1512(d).  But it appears the ALJ failed to ensure he had all of Plaintiff's most recent medical reports.  And his handling of the hearing was altogether unsatisfactory.  The substantive portion of the hearing consisted of no more than a few questions about Plaintiff's citizenship, his ability to speak English, and the following:

> "ALJ:         Since 1999, have you gotten, worse, better, or stayed the same?
> "CLMT:      A hundred times worse.
> "ALJ:         When did you start to get worse?
> "CLMT:      It's been a long time.  I don't remember dates.
> "ALJ:         How long has it been since you started to get worse?
> "CLMT:      I believe it's one year or eight months and I have a lot of pain in my leg.
> "ALJ:         Is there anything that you want to tell me about your application for disability?
> "CLMT:      Like what?
> "ALJ:         Is there anything you want to tell me?
> "CLMT:      The only thing I want to ask is for you to be fair about my case.
> "ALJ:         I'll try to do my best.  How's that?
> "CLMT:      Thank you.
> "ALJ:         I have no further questions.  Okay.  Thank you very much."

The ALJ failed to ask, among other things, in what way Plaintiff's conditions had gotten worse, which conditions had gotten worse, what specific symptoms he was having, what the severity of those symptoms was, how his activities were limited, and the extent of his then-current limitations.  It appears from the record that the ALJ simply discounted Plaintiff's claims without any real exploration, based on the fact that Plaintiff had been suspected of malingering in the past.  The court knows of no statute or case law authority that allows an ALJ to abdicate his responsibility to develop the record based on past malingering.  Nor is the court aware of any rule that precludes someone who in the past has malingered from later qualifying for benefits if they truly become disabled.  The ALJ's failure to develop the record was thus clear error.

United States District Court

For the Northern District of California

1    However, Plaintiff is now represented by counsel, yet he still has submitted no evidence

2   which would support a finding that his condition worsened to a disabling severity, and that the

3   disability lasted, or could be expected to last, for a continuous period of not less than 12 months.

4   Absent such evidence, the ALJ's failure to develop the record was not prejudicial to Plaintiff's

5   claims, and constituted only harmless error.  *See Burch v. Barnhart*, 400 F.3d at 679.

6    Because Plaintiff failed to rebut the presumption of continuing non-disability, Plaintiff's

7   other arguments are moot.

8    **IV.    CONCLUSION**

9    The ALJ erred by failing to fully develop the record, and, as discussed in this court's

10   concurrent Order Dissolving Order to Show Cause, by proceeding with the hearing despite the fact

11   Plaintiff had not knowingly and intelligently waived his right to representation.  However, reversal

12   and remand is not warranted because these errors were harmless.  *See Burch v. Barnhart*, 400 F.3d at

13   679.

14    Because Plaintiff failed to rebut the presumption of continuing non-disability that arose from

15   the 2002 Decision, summary judgment in favor of Defendant and against Plaintiff is warranted.

16   Dated: *4/11/06*

17   *Patricia V. Trumbull*

18   PATRICIA V. TRUMBULL
     United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28